UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALVIN SCIONEAUX, ET AL.                                          CIVIL ACTION

VERSUS                                                           NO. 13-6257

ALLSTATE INS. CO.                                                SECTION "K"(4)

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment (Doc. 22) filed by defendant Allstate Insurance Company ("Allstate"). Plaintiffs, Alvin J. Scioneaux and Yevette Ann Scioneaux filed suit against Allstate in its capacity as a Write-Your-Own ("WYO") program carrier participant in the National Flood Insurance Program ("NFIP"). Under the provisions of the Standard Flood Insurance Policy ("SFIP"), specifically Article VI(J)(4)(f), plaintiffs were required as a prerequisite to filing suit to submit a signed, sworn proof of loss with supporting documentation. Allstate maintains that plaintiffs failed to submit the requisite documentation and as such is entitled to summary judgment. Having reviewed the memoranda, exhibits and the relevant law, the Court finds that there are material questions of fact which preclude the granting of this motion.

**Standard for Motion for Summary Judgment**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party moving for summary

judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Stults v. Conoco*, 76 F.3d 651 (5th Cir.1996), citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.), quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986). When the moving party has carried its burden under Rule 56, its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir.1995).

"A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Pylant v. Hartford Life and Accident Insurance* Company, 497 F.3d 536, 538 (5th Cir. 2007) quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment evidence must be "viewed in the light most favorable to the nonmovant, with all factual inferences made in the nonmovant's favor." *Bazan ex rel Bazan v. Hildago County*, 246 F.3d 481, 489 (5th Cir. 2001), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255, 106 S.Ct. at 2513.

> [C]onclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment. The Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim.

*RSR Corporation v. International Insurance Company*, 612 F.3rd 851,857 (5th Cir. 2010).

**Analysis**

It is uncontested that Allstate issued a SFIP to the plaintiffs for property located at 616 Monticello Court, La Place Louisiana ("property") with effective dates of February 27, 2012 to February 27, 2013 and with Coverage A (building policy limits of $109,6000 and Coverage B (personal property policy limits of $14,800.00), each subject to a $1000.00 deductible. On August 29, 2012, Hurricane Isaac caused damage by or from flood to the insured property. Plaintiffs submitted a claim to Allstate for these damages on August 29, 2012. On or about October 23, 2012, plaintiffs submitted by way of a their public adjuster Michael Michio, a signed proof of loss form in the amount of $127,400.33. (Rec. Doc. 22-1, Uncontested Facts, ¶¶ 1-4 and Rec. Doc. 24-8, Plaintiff's (sic) Statement of Disputed Material Facts, ¶¶ 1-4 noted as "uncontested.")

Allstate contends that this signed proof of loss submitted did not contain supporting documentation. It maintains that it sent a letter on November 8, 2012 to Mr. Michio verifying receipt of the proof of loss, and rejecting the October 23, 2012 proof of loss for lack of supporting documentation.

A review of the letter provides the following language:

> We are in receipt of the Proof of Loss sent to us by you dated October 23, 2012, and we thank you for same. We must reject the Proof of Loss submitted due to failure to produce supporting documentation, i.e., the estimate does not support the amount of the Proof of Loss you submitted.

The letter then makes reference to Article VII, Section J, paragraph 4f which requires "specifications of damaged buildings and detailed raper estimates." (Rec. Doc. 22-5). This letter was issued by the Claims Department, Allstate Insurance Company, Gulf Coast Flood MCO and was not signed by any individual.

To support its motion, Allstate filed the affidavit of Jason Raske who is the Flood Field Manager for Allstate Insurance. (Rec. Doc. 22-3) In this affidavit, Mr. Raske claims that "Allstate did not receive any supporting documentation for Plaintiff's October 23, 2012 building damages proof of loss form, despite requesting such documentation, prior to Plaintiffs filed (sic) their lawsuit on or around October 25, 2013." (Rec. Doc. 22-3, ¶14).

Plaintiffs vehemently dispute this contention. They filed the affidavit of Mr. Michio, the aforementioned public adjuster. He avers unequivocally:

> 4.  "On or about October 6, 2012, [his company] finalized a detailed and itemized estimate of the flood-related damage to Mr. and Mrs. Scioneaux's home, **which it then submitted to Allstate.** The estimate provides (1) the materials required to fully repair the home; (2) the specific work required for such repairs; (3) the cost of the materials and work; (4) the quantity of the materials; (5) the total calculation of loss, including service charges, overhead costs, and profit; and (6) photographs of the property. A true and correct copy of the estimate is attached hereto as Exhibit B.
>
> 5.  Based on this estimate, ProClaim prepared a proof of loss form claiming $127,400.33, which Mr. Scioneaux signed on October 23, 2012, and which ProClaim submitted to Allstate. This proof of loss form provided the full amount of damages that Mr. and Mrs. Scioneaux incurred. . . .
>
> 6.  In a letter dated November 8, 2012, Allstate acknowledged receipt of both the proof of loss form dated October 23, 2012, and the estimate prepared by ProClaim. The letter states: "We are in receipt of the Proof of Loss sent to us by you dated October 23, 2012, and we thank you for same. We must reject the Proof of Loss submitted due to failure to produce supporting documentation, i.e., **the estimate does not support the amount of the Proof of Loss you submitted."** Because Allstate acknowledged receipt of the estimate, I did not re-submit the estimate. . . .

(Rec. Doc. 24-1 at 2 of 3, Affidavit of Michio) (emphasis added). Indeed, a review of Exhibit B to Mr. Michio's affidavit appears to be an extremely detailed estimate as is required.

Allstate's sole basis for this motion is that plaintiffs failed to file the necessary supporting documentation as required under the SFIP language Article VII(J)(4). Clearly, plaintiffs have

4

presented documentary and testamentary evidence to the contrary. Thus, there are material questions of fact which preclude summary judgment. Accordingly,

**IT IS ORDERED** that a Motion for Summary Judgment (Doc. 22) filed by defendant Allstate Insurance Company ("Allstate") is **DENIED**.

New Orleans, Louisiana, this 27th day of August, 2014.

                                      **STANWOOD R. DUVAL, JR.**
                      **UNITED STATES DISTRICT COURT JUDGE**